## STATE ex GUSMAN v EMELY

Ohio Appeals, 2nd Dist, Montgomery Co
No 986. Decided July 5, 1930

Alfred Rothenburg, for State ex.
Mills & Fowler, Dayton, for Emely.

KUNKLE, PJ.

We assume this suit is brought under 12307 GC. which provides that:

"A person claiming to be entitled to a public office unlawfully held and excersied by another, by himself, or an attorney at law, upon giving security for costs may bring an action therefore."

One of the conditions precedent for the bringing of an action of this nature is that plaintiff must give security for costs.

The petition does not show affirmatively that this provision has been complied with.

The petition, on its face, shows that the relator received the number of votes next to the number of votes cast in favor of defendant.

This averment in the petition shows that defendant received a larger number of votes than the relator and the defendant is exercising the power and duties pertaining to said office. The reasonable inference to be drawn from this averment is that the defendant has qualified and is acting as such officer.

It nowhere appears in the petition that the relator was duly elected to the office, but on the contrary it affirmatively appears that the defendant received more votes than did the relator.

The rule is well settled in Ohio that before a person is entitled to maintain an action in quo warranto under 12307 GC to recover a public office he must show not only that he is entitled to the office, but also that it is unlawfully held and exercised by the defendant. 92 Oh St 428. The statement in the petition that the defendant is not eligible to hold the said office is a mere legal conclusion.

We cannot escape the conclusion but that the petition fails to state such facts as show that the relator is entitled to the office or that the defendant is unlawfully holding the same. Upon a consideration of the averments of the petition we are of opinion that the demurrer is well taken and should be sustained.

Allread and Hornbeck, JJ, concur.